## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

LAURA CHIRGWIN,

        Plaintiff

v.

        C.A. No. 3:17-cv-30187

BAYSTATE WING HOSPITAL
CORPORATION,

        Defendant

## NOTICE OF REMOVAL

TO:    Honorable Judges of the United States District Court for the District of Massachusetts

        Defendant, Baystate Wing Hospital Corporation, hereby files its Notice of Removal, and

states as follows:

1.    On October 3, 2017, Plaintiff commenced a civil action, captioned *Laura Chirgwin v. Baystate Wing Hospital Corporation*, Hampden County Superior Court Civil Action No. 2017-690.

2.    Defendant was served with a Summons, Complaint, Civil Action Cover Sheet, and Civil Tracking Order on December 19, 2017.

3.    Copies of all process, pleadings and orders served upon Defendant are attached hereto as Exhibit A (Summons), Exhibit B (Complaint), Exhibit C (Civil Action Cover Sheet) and Exhibit D (Civil Tracking Order), in conformance with 28 U.S.C. § 1446(a).

4.    Defendants has not plead or otherwise appeared in the state court action.

5. Pursuant to the provisions of Title 28 U.S.C. §§ 1331, 1367, 1441 and 1446, *et seq.,* Defendant hereby removes this action from the Hampden County Superior Court to this Court.

6. Counts III, IV and V of the Complaint allege violations of 42 U.S.C. § 12101, *et. seq.*, 42 U.S.C. § 12203 and 42 U.S.C. § 2615(a)(1), and therefore, as this civil action arises under the Constitution and laws of the United States, this Court has original jurisdiction of these Counts pursuant to 28 U.S.C. § 1331.

7. The additional counts in the Complaint – Counts I (violation of M.G.L. c. 151B, § 4(16)) and II (violation of M.G.L. c. 151B, § 4(4)) – incorporate and rely upon the same allegations of fact as were incorporated into and relied upon in Counts III, IV and V of the Complaint. Therefore, the additional counts of the Complaint form part of the same case or controversy and this Court has supplemental jurisdiction of them pursuant to 28 U.S.C. § 1367.

8. By reason of the foregoing, this Court has original jurisdiction of this action, and removal of the action to this Court is therefore proper pursuant to 28 U.S.C. §1441 *et seq.*

9. Removal is timely under 28 U.S.C. § 1446(b) because this petition is filed within thirty days after the receipt by defendants, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

10. Concurrent with the filing of this Notice of Removal, Defendant is serving this Notice of Removal upon Plaintiff and filing a copy of the Notice of Removal with the Clerk of the Hampden County Superior Court.

11.    Removal is hereby effected without waiver of any challenges that Defendant may

have to personal jurisdiction, proper service of process, proper venue or otherwise.


Respectfully submitted,

Defendant,
Baystate Wing Hospital Corporation,
By Its Attorneys

KEYES AND DONNELLAN, P.C.

*/s/ Kathleen E. Sheehan*
*/s/ Kevin C. Giordano*
Kathleen E. Sheehan, Esq. (BBO #456910)
Kevin C. Giordano, Esq. (BBO #547376)
293 Bridge Street, Suite 600
Springfield, MA   01103
413-781-6540
413-739-3502 (fax)
ksheehan@keyesanddonnellan.com
kgiordano@keyesanddonnellan.com


## CERTIFICATE OF SERVICE

I, Kevin C. Giordano, Esquire, of Keyes and Donnellan, P.C., 293 Bridge Street, Suite 600, Springfield, Massachusetts, hereby certify that on the 3rd day of January, 2018, I caused a copy of the foregoing document to be sent to counsel of record by mailing, first class mail, postage prepaid, to the following:

Lisa Brodeur-McGan, Esq.
Daniel X. Montagna, Esq.
Brodeur-McGan, P.C.
1380 Main Street, Suite 202
Springfield, MA 01103


*s/ Kevin C. Giordano*
Kevin C. Giordano

3